FILED
OCT 19 2017

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HAROLD WITTROCK, | * | CIV. 17-4149 |
| Plaintiff, | * | |
| vs. | * | **COMPLAINT** |
| CETERA INVESTMENT SERVICES, LLC, f/k/a PRIMEVEST FINANCIAL SERVICES, And FIRST NATIONAL BANK IN SIOUX FALLS, | * | |
| Defendants. | * | |

The Plaintiff, by and through counsel, for his Complaint and causes of action, states and alleges as follows:

1. The Plaintiff is a citizen of Iowa, residing in Rock Rapids, Iowa.

2. Defendant Cetera Investment Services, LLC is organized under the laws of the State of Delaware with its principal place of business in St. Cloud, Minnesota.

3. Cetera Investment Services, LLC and PrimeVest Financial Services, at all times material hereto, served as broker/dealers providing investment and insurance services through First National Bank in Sioux Falls.

4. First National Bank in Sioux Falls is organized under the laws of the State of South Dakota and has its principal place of business in Sioux Falls, South Dakota.

1

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. This Court has jurisdiction over this matter under 28 U.S.C. §1332.

## GENERAL ALLEGATIONS

7. The Plaintiff is a retired farmer and is now 94-years old.

8. The Plaintiff purchased an annuity from Jackson National Life Insurance Company in November, 2007 through his agent at the time, Scott J. Llyftogt.

9. The original annuity through Jackson National Life had a value of approximately $654,000.00 at its inception.

10. The Plaintiff made two withdrawals from that annuity in the beginning of 2008 and the beginning of 2009 for $5,000.00 each.

11. In approximately June, 2009, the Plaintiff's son-in-law, Roger Kappel, believed to be a customer of First National Bank in Sioux Falls, the Dell Rapids branch, approached an employee of First National Bank in Sioux Falls to set up a new account for the Plaintiff.

12. First National Bank in Sioux Falls, advertises and holds itself out as offering investment products and services.

13. First National Bank in Sioux Falls, used Cetera and PrimeVest to serve as a broker/dealer offering insurance products and securities to the public.

14. First National Bank in Sioux Falls, uses its own employees, as investment advisors, investment representatives, and servicers of insurance products, including annuities.

15. At all times relevant to this matter, Margarita Bent, and Jon Frick, worked as employees of First National Bank in Sioux Falls, and also as investment representatives through Cetera and PrimeVest.

16. Jon Frick and Margarita Bent were agents of both First National Bank in Sioux Falls and Cetera or PrimeVest in all of their dealings with the annuity belonging to Harold Wittrock, the Plaintiff.

17. As employees and agents of the Defendants, the acts, and omissions of Margarita Bent and Jon Frick are attributable to the Defendants.

18. A New Account Application was prepared by an employee of First National Bank in Sioux Falls, Margarita Bent. That application contained an arbitration clause, but the signature of the Plaintiff on that application was forged.

19. Ms. Bent was a registered representative of PrimeVest and was the investment advisor, investment representative and servicing producer for Harold Wittrock and his Jackson National Life annuity.

20. In addition, Margarita Bent completed a Request to Change of Servicing Producer/Representative for Jackson National Life Insurance Company annuity, again with a forged signature of Plaintiff.

21. In addition, based upon information and belief, Roger Kappel submitted to Margarita Bent a document authorizing Roger Kappel to make any necessary changes to the Plaintiff's annuity with Jackson National Life Insurance Company, again over a forged signature of the Plaintiff.

22. Neither Cetera, PrimeVest, First National Bank in Sioux Falls, nor any of their employees or representatives ever met with or contacted the Plaintiff concerning his wishes or whether or not he intended for them to represent him in his dealings with the Jackson National Life Insurance Company annuity.

23. Furthermore, Roger Kappel, had the address for the Plaintiff changed from the Plaintiff's Rock Rapids, Iowa address to a Dell Rapids address belonging to Mr. Kappel, so that all financial statements thereafter concerning the annuity went to Mr. Kappel, rather than the Plaintiff. This was all accomplished with the assistance of the Defendants.

24. Then, beginning in June, 2009, Mr. Kappel proceeded to withdraw funds from the annuity with Jackson National Life in the following amounts:

| Date | Amount |
| --- | --- |
| 06/09/2009 | $40,000.00 |
| 02/05/2010 | $41,000.00 |
| 01/27/2011 | $ 5,000.00 |
| 02/18/2011 | $ 5,000.00 |
| 03/25/2011 | $ 7,000.00 |
| 05/05/2011 | $14,510.00 |
| 05/25/2011 | $ 6,010.00 |
| 06/27/2011 | $ 6,010.00 |
| 11/22/2011 | $33,810.00 |
| 04/02/2012 | $11,000.00 |
| 06/25/2012 | $20,000.00 |
| 12/03/2012 | $25,000.00 |
| 02/19/2013 | $17,000.00 |
| 03/13/2013 | $16,000.00 |
| 04/24/2013 | $ 7,230.00 |
| 10/07/2013 | $12,500.00 |
| 11/22/2013 | $22,000.00 |
| 01/07/2014 | $25,000.00 |
| 02/11/2014 | $ 9,500.00 |
| 03/03/2014 | $ 6,000.00 |
| 04/01/2014 | $ 9,500.00 |
| 05/01/2014 | $ 7,800.00 |

|            |            |
|------------|------------|
| 05/20/2014 | $ 8,600.00 |
| 06/16/2014 | $ 7,000.00 |
| 07/08/2014 | $ 4,800.00 |
| 07/28/2014 | $ 7,000.00 |
| 08/20/2014 | $ 7,000.00 |
| 09/22/2014 | $ 5,000.00 |
| 10/06/2014 | $15,500.00 |
| 11/06/2014 | $ 7,900.00 |
| 01/13/2015 | $15,000.00 |
| 02/18/2015 | $15,500.00 |
| 04/10/2015 | $12,800.00 |
| 04/29/2015 | $18,500.00 |
| 06/02/2015 | $10,000.00 |
| 07/15/2015 | $28,000.00 |
| 09/01/2015 | $32,500.00 |
| 12/29/2015 | $12,000.00 |
| 03/14/2016 | $27,500.00 |
| 04/04/2016 | $28,500.00 |
| 04/26/2016 | $ 6,610.00 |
| 05/18/2016 | $15,210.00 |
| 12/20/2016 | $ 5,010.00 |

25. Mr. Kappel accomplished these withdrawals, by forging Harold Wittrock's signature to variable annuity partial withdrawals/surrender requests.

26. The funds were then submitted by check to Harold Wittrock at Roger Kappel's address and Mr. Kappel forged the endorsements of Harold Wittrock on those checks and deposited them in one of Mr. Kappel's accounts at First National Bank in Sioux Falls, Dell Rapids branch.

27. Mr. Kappel through the use of forged instruments and endorsements withdrew in excess of $639,000.00 from the Plaintiff's annuity with Jackson National Life Insurance Company.

28. The employees and agents of the Defendants were aware through alerts issued by Jackson National Life Insurance Company of excess

withdrawals from the Plaintiff's annuity, and were also aware of the withdrawals and benefit changes made to the Plaintiff's annuity over the period of time that Roger Kappel was forging requests for withdrawal and cashing the checks and depositing the proceeds of those withdrawals in his account at First National Bank in Sioux Falls.

29. During that entire time, neither of the Defendants or their agents contacted the Plaintiff to ascertain whether or not the Plaintiff actually wanted to make the withdrawals that had been submitted over his forged signature.

30. The Plaintiff inquired of his son-in-law, Roger Kappel, at certain times concerning the status of his annuity and was provided by Mr. Kappel with doctored statements, showing funds in that annuity above the amounts that actually existed.

31. In February of 2017, the Plaintiff suspected that there may be something wrong and contacted another representative to check into the matter.

32. The Plaintiff discovered on or about March 6, 2017, that there was only approximately $5,000.00 left in his annuity and was told that the rest of the money was gone.

33. The Plaintiff had never received the actual statements for his annuity, because the statements went to Roger Kappel's address.

34. The Plaintiff thereafter changed the account representative.

35. The matter was also turned over to the FBI and state authorities.

36. First National Bank in Sioux Falls replaced approximately $310,000.00 of the funds that had been paid over forged endorsements, thereby

recognizing that the endorsements on the checks to Plaintiff were forged by Roger Kappel.

37. If the unauthorized withdrawals from the annuity had not been made or permitted, the annuity would have a value now exceeding $800,000.00.

38. The Defendants, through their agents, knew or should have known that significant withdrawals were being made from the Plaintiff's annuity.

39. The Defendants, failed to even contact the Plaintiff to ascertain or insure that the Plaintiff wished to make these withdrawals.

40. The Defendants failed to even know their customer, let alone who their customer was in representing him as his investment representative, servicing agent, and investment advisor.

41. The Defendants failed to ascertain where the Plaintiff actually lived and facilitated a change of address form for the Plaintiff's to Roger Kappel's address, knowing that Plaintiff was a resident of Iowa.

42. The Defendants knew or should have known that the checks that were being issued for these withdrawals by Jackson National Life Insurance Company were being deposited in the account of Roger Kappel at First National Bank in Sioux Falls, Dell Rapids branch.

43. Roger Kappel had no authority, power, or right to represent Harold Wittrock in establishing an account with the Defendants, in dealings on that account for his own benefit, and in obtaining withdrawals from the Plaintiff's annuity through Jackson National Life Insurance Company.

44. The Defendants made no effort whatsoever to ascertain Mr. Kappel's authority to act on behalf of the Plaintiff and failed to request any documentation such as a Power of Attorney or other authorization with notarized or witnessed signatures of the Plaintiff that would have permitted Mr. Kappel to handle the Plaintiff's annuity or any funds from it.

## CAUSES OF ACTION

### I.   BREACH OF FIDUCIARY DUTY

The Plaintiff incorporates the preceding allegations where material, and further states and alleges as follows:

45. The Defendants stood in a fiduciary relationship with the Plaintiff and owed the Plaintiff a fiduciary duty with respect to the Jackson National Life Insurance Company annuity.

46. The Defendants breached their fiduciary duty to the Plaintiff.

47. As a legal cause of Defendants' breach of fiduciary duty, the Plaintiff suffered damages, including the loss of his investment in the annuity in an amount to be proven at trial, other benefits of his annuity that were lost as a result of the excessive withdrawals, and mental distress.

### II.   NEGLIGENCE

The Plaintiff incorporates the preceding allegations where material, and further states and alleges as follows:

48. The Defendants owed the Plaintiff a duty to use reasonable care in their handling of the Plaintiff's account, including, but not limited to, using

reasonable care in establishing a new account for the Plaintiff, reviewing signatures on various documents and verifying the authenticity of the signatures, changing the address for the Plaintiff, in knowing their customer, and tracking the withdrawals from the Plaintiff's annuity, of which the Defendants were alerted, and which the Defendants knew or should have known were being taken from his account and deposited into an account that Roger Kappel had at First National Bank in Sioux Falls, Dell Rapids branch.

49. The Defendants breached their duty to the Plaintiff.

50. As a legal cause of the Defendants' breach of their duty to the Plaintiff, the Plaintiff suffered damages including the loss of his investment in amount to be proven at trial, other benefits that were lost due to the excessive withdrawals from his annuity, and mental distress.

### III.   PUNITIVE DAMAGES

The Plaintiff incorporates the preceding allegations where material, and further states and alleges as follows:

51. The Plaintiff suffered injury to his person and property as a legal result of oppression, fraud or malice of the Defendants and the conduct of the Defendants was willful, wanton, or reckless.

52. Punitive damages are appropriate to punish and deter such future conduct.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Defendants jointly and severally, including all losses suffered by the Plaintiff as a result of the withdrawals from his annuity, including any benefits that the Plaintiff lost as a result of those withdrawals, his damages for mental distress, prejudgment interest, punitive damages, attorney's fees, and such further relief as the Court may deem appropriate.

Dated at Sioux Falls, South Dakota, this _19th_ day of _October_, 2017.

SCHAFFER LAW OFFICE, PROF. LLC

Michael J. Schaffer
412 West 9th Street, Suite 1
Sioux Falls, SD 57104-3602
Telephone (605) 274-6760
Facsimile: (605) 274-6764
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury on all issues of fact.

10