UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| HAROLD WITTROCK, | CIV. 17-4149 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| CETERA INVESTMENT SERVICES, LLC, f/k/a PRIMEVEST FINANCIAL SERVICES, FIRST NATIONAL BANK IN SIOUX FALLS, and JACKSON NATIONAL LIFE INSURANCE COMPANY, | |
| Defendants. | |
| and | |
| CETERA INVESTMENT SERVICES, LLC, f/k/a/ PRIMEVEST FINANCIAL SERVICES, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| ROGER KAPPEL, | |
| Third-Party Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Plaintiff, by and through counsel, for his Complaint and causes of action, states and alleges as follows:

1. The Plaintiff is a citizen of Iowa, residing in Rock Rapids, Iowa.

1

2. Defendant Cetera Investment Services, LLC (Cetera) is organized under the laws of the State of Delaware with its principal place of business in St. Cloud, Minnesota.

3. Cetera Investment Services, LLC and PrimeVest Financial Services, at all times material hereto, served as broker/dealers providing investment and insurance services through First National Bank in Sioux Falls.

4. First National Bank in Sioux Falls (First National) is organized under the laws of the State of South Dakota and has its principal place of business in Sioux Falls, South Dakota.

5. Jackson National Life Insurance Company is organized under the laws of the State of Michigan and has its principal place of business in Lansing, Michigan.

6. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7. This Court has jurisdiction over this matter under 28 U.S.C. §1332.

## GENERAL ALLEGATIONS

8. The Plaintiff is a retired farmer and is now 94-years old.

9. The Plaintiff purchased an annuity from Jackson National Life Insurance Company in November, 2007 through his agent at the time, Scott J. Llyftogt.

10. The original annuity through Jackson National Life had a value of approximately $654,000.00 at its inception.

11. The Plaintiff made two withdrawals from that annuity in the beginning of 2008 and the beginning of 2009 for $5,000.00 each.

12. In approximately June, 2009, the Plaintiff's son-in-law, Roger Kappel, believed to be a customer of First National Bank in Sioux Falls, the Dell Rapids branch, approached an employee of First National Bank in Sioux Falls to set up a new account for the Plaintiff.

13. First National Bank in Sioux Falls, advertises and holds itself out as offering investment products and services.

14. First National Bank in Sioux Falls, used Cetera and PrimeVest to serve as a broker/dealer offering insurance products and securities to the public.

15. First National Bank in Sioux Falls, uses its own employees, as investment advisors, investment representatives, and servicers of insurance products, including annuities.

16. At all times relevant to this matter, Margarita Bent, and Jon Frick, worked as employees of First National Bank in Sioux Falls, and also as investment representatives through Cetera and PrimeVest.

17. Jon Frick and Margarita Bent were agents of both First National Bank in Sioux Falls and Cetera or PrimeVest in all of their dealings with the annuity belonging to Harold Wittrock, the Plaintiff.

18. As employees and agents of Cetera and First National, the acts, and omissions of Margarita Bent and Jon Frick are attributable to Cetera and First National.

19. A New Account Application was prepared by an employee of First National Bank in Sioux Falls, Margarita Bent. That application contained an arbitration clause, but the signature of the Plaintiff on that application was forged.

20. Ms. Bent was a registered representative of PrimeVest and was the investment advisor, investment representative and servicing producer for Harold Wittrock and his Jackson National Life annuity.

21. In addition, Margarita Bent completed a Request to Change of Servicing Producer/Representative for Jackson National Life Insurance Company annuity, again with a forged signature of Plaintiff.

22. In addition, based upon information and belief, Roger Kappel submitted to Margarita Bent a document authorizing Roger Kappel to make any necessary changes to the Plaintiff's annuity with Jackson National Life Insurance Company, again over a forged signature of the Plaintiff.

23. Neither Cetera, PrimeVest, First National Bank in Sioux Falls, nor any of their employees or representatives ever met with or contacted the Plaintiff concerning his wishes or whether or not he intended for them to represent him in his dealings with the Jackson National Life Insurance Company annuity.

24. Furthermore, Roger Kappel, had the address for the Plaintiff changed from the Plaintiff's Rock Rapids, Iowa address to a Dell Rapids address belonging to Mr. Kappel, so that all financial statements thereafter

concerning the annuity went to Mr. Kappel, rather than the Plaintiff. This was all accomplished with the assistance of Cetera and First National.

25. Then, beginning in June, 2009, Mr. Kappel proceeded to withdraw funds from the annuity with Jackson National Life in the following amounts:

| Date | Amount |
| --- | --- |
| 06/09/2009 | $40,000.00 |
| 02/05/2010 | $41,000.00 |
| 01/27/2011 | $ 5,000.00 |
| 02/18/2011 | $ 5,000.00 |
| 03/25/2011 | $ 7,000.00 |
| 05/05/2011 | $14,510.00 |
| 05/25/2011 | $ 6,010.00 |
| 06/27/2011 | $ 6,010.00 |
| 11/22/2011 | $33,810.00 |
| 04/02/2012 | $11,000.00 |
| 06/25/2012 | $20,000.00 |
| 12/03/2012 | $25,000.00 |
| 02/19/2013 | $17,000.00 |
| 03/13/2013 | $16,000.00 |
| 04/24/2013 | $ 7,230.00 |
| 10/07/2013 | $12,500.00 |
| 11/22/2013 | $22,000.00 |
| 01/07/2014 | $25,000.00 |
| 02/11/2014 | $ 9,500.00 |
| 03/03/2014 | $ 6,000.00 |
| 04/01/2014 | $ 9,500.00 |
| 05/01/2014 | $ 7,800.00 |
| 05/20/2014 | $ 8,600.00 |
| 06/16/2014 | $ 7,000.00 |
| 07/08/2014 | $ 4,800.00 |
| 07/28/2014 | $ 7,000.00 |
| 08/20/2014 | $ 7,000.00 |
| 09/22/2014 | $ 5,000.00 |
| 10/06/2014 | $15,500.00 |
| 11/06/2014 | $ 7,900.00 |
| 01/13/2015 | $15,000.00 |
| 02/18/2015 | $15,500.00 |
| 04/10/2015 | $12,800.00 |
| 04/29/2015 | $18,500.00 |
| 06/02/2015 | $10,000.00 |
| 07/15/2015 | $28,000.00 |
| 09/01/2015 | $32,500.00 |
| 12/29/2015 | $12,000.00 |

5

|            |             |
|------------|-------------|
| 03/14/2016 | $27,500.00  |
| 04/04/2016 | $28,500.00  |
| 04/26/2016 | $ 6,610.00  |
| 05/18/2016 | $15,210.00  |
| 12/20/2016 | $ 5,010.00  |

26. Mr. Kappel accomplished these withdrawals, by forging Harold Wittrock's signature to variable annuity partial withdrawals/surrender requests.

27. The funds were then submitted by check to Harold Wittrock at Roger Kappel's address and Mr. Kappel forged the endorsements of Harold Wittrock on those checks and deposited them in one of Mr. Kappel's accounts at First National Bank in Sioux Falls, Dell Rapids branch.

28. Mr. Kappel through the use of forged instruments and endorsements withdrew in excess of $639,000.00 from the Plaintiff's annuity with Jackson National Life Insurance Company.

29. The employees and agents of Cetera and First National were aware through alerts issued by Jackson National Life Insurance Company of excess withdrawals from the Plaintiff's annuity, and were also aware of the withdrawals and benefit changes made to the Plaintiff's annuity over the period of time that Roger Kappel was forging requests for withdrawal and cashing the checks and depositing the proceeds of those withdrawals in his account at First National Bank in Sioux Falls.

30. During that entire time, neither Cetera nor First National or their agents contacted the Plaintiff to ascertain whether or not the Plaintiff actually

wanted to make the withdrawals that had been submitted over his forged signature.

31. The Plaintiff inquired of his son-in-law, Roger Kappel, at certain times concerning the status of his annuity and was provided by Mr. Kappel with doctored statements, showing funds in that annuity above the amounts that actually existed.

32. In February of 2017, the Plaintiff suspected that there may be something wrong and contacted another representative to check into the matter.

33. The Plaintiff discovered on or about March 6, 2017, that there was only approximately $5,000.00 left in his annuity and was told that the rest of the money was gone.

34. The Plaintiff had never received the actual statements for his annuity, because the statements went to Roger Kappel's address.

35. The Plaintiff thereafter changed the account representative.

36. The matter was also turned over to the FBI and state authorities.

37. First National Bank in Sioux Falls replaced approximately $310,000.00 of the funds that had been paid over forged endorsements, thereby recognizing that the endorsements on the checks to Plaintiff were forged by Roger Kappel.

38. If the unauthorized withdrawals from the annuity had not been made or permitted, the annuity would have a value now exceeding $800,000.00.

39. Cetera and First National, through their agents, knew or should have known that significant withdrawals were being made from the Plaintiff's annuity.

40. Cetera and First National, failed to even contact the Plaintiff to ascertain or insure that the Plaintiff wished to make these withdrawals.

41. Cetera and First National failed to even know their customer, let alone who their customer was in representing him as his investment representative, servicing agent, and investment advisor.

42. Cetera and First National failed to ascertain where the Plaintiff actually lived and facilitated a change of address form for the Plaintiff's to Roger Kappel's address, knowing that Plaintiff was a resident of Iowa.

43. Cetera and First National knew or should have known that the checks that were being issued for these withdrawals by Jackson National Life Insurance Company were being deposited in the account of Roger Kappel at First National Bank in Sioux Falls, Dell Rapids branch.

44. Roger Kappel had no authority, power, or right to represent Harold Wittrock in establishing an account with Cetera and First National, in dealings on that account for his own benefit, and in obtaining withdrawals from the Plaintiff's annuity through Jackson National Life Insurance Company.

45. Cetera and First National made no effort whatsoever to ascertain Mr. Kappel's authority to act on behalf of the Plaintiff and failed to request any documentation such as a Power of Attorney or other authorization

with notarized or witnessed signatures of the Plaintiff that would have permitted Mr. Kappel to handle the Plaintiff's annuity or any funds from it.

## CAUSES OF ACTION

### I.  BREACH OF FIDUCIARY DUTY
### AGAINST CETERA AND FIRST NATIONAL

The Plaintiff incorporates the preceding allegations where material, and further states and alleges as follows:

46. Cetera and First National stood in a fiduciary relationship with the Plaintiff and owed the Plaintiff a fiduciary duty with respect to the Jackson National Life Insurance Company annuity.

47. Cetera and First National breached their fiduciary duty to the Plaintiff.

48. As a legal cause of Cetera and First National's breach of fiduciary duty, the Plaintiff suffered damages, including the loss of his investment in the annuity in an amount to be proven at trial, other benefits of his annuity that were lost as a result of the excessive withdrawals, and mental distress.

### II.  NEGLIGENCE
### AGAINST CETERA AND FIRST NATIONAL

The Plaintiff incorporates the preceding allegations where material, and further states and alleges as follows:

49. Cetera and First National owed the Plaintiff a duty to use reasonable care in their handling of the Plaintiff's account, including, but not limited to, using reasonable care in establishing a new account for the Plaintiff,

reviewing signatures on various documents and verifying the authenticity of the signatures, changing the address for the Plaintiff, in knowing their customer, and tracking the withdrawals from the Plaintiff's annuity, of which Cetera and First National were alerted, and which they knew or should have known were being taken from his account and deposited into an account that Roger Kappel had at First National Bank in Sioux Falls, Dell Rapids branch.

50. Cetera and First National breached their duty to the Plaintiff.

51. As a legal cause of Cetera and First National's breach of their duty to the Plaintiff, the Plaintiff suffered damages including the loss of his investment in amount to be proven at trial, other benefits that were lost due to the excessive withdrawals from his annuity, and mental distress.

### III.   PUNITIVE DAMAGES
### AGAINST CETERA AND FIRST NATIONAL

The Plaintiff incorporates the preceding allegations where material, and further states and alleges as follows:

52. The Plaintiff suffered injury to his person and property as a legal result of oppression, fraud or malice of Cetera and First National and the conduct of those Defendants was willful, wanton, or reckless.

53. Punitive damages are appropriate to punish and deter such future conduct.

## IV. BREACH OF CONTRACT

## AGAINST JACKSON NATIONAL LIFE INSURANCE COMPANY

The Plaintiff incorporates the preceding allegations where material and further states and alleges as follows:

54. The Plaintiff purchased an annuity from Jackson National Life Insurance Company in 2007.

55. The annuity contract number is 1003239558.

56. Under the terms of the annuity contract, Jackson national Life Insurance Company agreed to provide certain benefits to the Plaintiff as set forth in the terms of the contract.

57. Harold Wittrock made an initial premium payment to Jackson National Life Insurance Company of $654,715.03.

58. The Plaintiff made two withdrawals from that annuity in the beginning of 2008 and the beginning of 2009 for $5,000.00 each.

59. In 2009, the Plaintiff's son-in-law, Roger Kappel, apparently effected a change of address form directing all the mail from Jackson National Life Insurance Company for the Plaintiff to Mr. Kappel's address in Dell Rapids, South Dakota.

60. Mr. Kappel also unbeknownst to the Plaintiff changed the servicing producer, representative for the Jackson National Life Insurance annuity to PrimeVest Financial Services.

61. Then beginning in June, 2009, Mr. Kappel proceeded to withdraw funds from the annuity in the following amounts which were accomplished by Mr. Kappel by

submitting forged withdrawal and surrender requests and forging the Plaintiff's endorsement on checks issued by Jackson National Life Insurance Company:

| Date | Amount |
|---|---|
| 06/09/2009 | $40,000.00 |
| 02/05/2010 | $41,000.00 |
| 01/27/2011 | $ 5,000.00 |
| 02/18/2011 | $ 5,000.00 |
| 03/25/2011 | $ 7,000.00 |
| 05/05/2011 | $14,510.00 |
| 05/25/2011 | $ 6,010.00 |
| 06/27/2011 | $ 6,010.00 |
| 11/22/2011 | $33,810.00 |
| 04/02/2012 | $11,000.00 |
| 06/25/2012 | $20,000.00 |
| 12/03/2012 | $25,000.00 |
| 02/19/2013 | $17,000.00 |
| 03/13/2013 | $16,000.00 |
| 04/24/2013 | $ 7,230.00 |
| 10/07/2013 | $12,500.00 |
| 11/22/2013 | $22,000.00 |
| 01/07/2014 | $25,000.00 |
| 02/11/2014 | $ 9,500.00 |
| 03/03/2014 | $ 6,000.00 |
| 04/01/2014 | $ 9,500.00 |
| 05/01/2014 | $ 7,800.00 |
| 05/20/2014 | $ 8,600.00 |
| 06/16/2014 | $ 7,000.00 |
| 07/08/2014 | $ 4,800.00 |
| 07/28/2014 | $ 7,000.00 |
| 08/20/2014 | $ 7,000.00 |
| 09/22/2014 | $ 5,000.00 |
| 10/06/2014 | $15,500.00 |
| 11/06/2014 | $ 7,900.00 |
| 01/13/2015 | $15,000.00 |
| 02/18/2015 | $15,500.00 |
| 04/10/2015 | $12,800.00 |
| 04/29/2015 | $18,500.00 |
| 06/02/2015 | $10,000.00 |
| 07/15/2015 | $28,000.00 |
| 09/01/2015 | $32,500.00 |
| 12/29/2015 | $12,000.00 |
| 03/14/2016 | $27,500.00 |
| 04/04/2016 | $28,500.00 |
| 04/26/2016 | $ 6,610.00 |
| 05/18/2016 | $15,210.00 |

12/20/2016     $ 5,010.00

62. Roger Kappel sent the withdrawal requests to Jackson National Life Insurance Company electronically by fax with the fax header for Roger Kappel Construction and the forged signatures of Harold Wittrock.

63. Jackson National Life Insurance Company sent the checks payable to Harold Wittrock to Roger Kappel's address.

64. Roger Kappel forged Harold Wittrock's signature to endorse the checks.

65. In total, $639,734.30 was withdrawn from the annuity by checks sent to Roger Kappel's address by Jackson National Life Insurance Company.

66. Jackson National Life Insurance Company failed to insure that the forged signatures were genuine.

67. When the Plaintiff had requested documentation from Roger Kappel concerning annuity statements Mr. Kappel presented him with fraudulent statements indicating amounts of money remained in the annuity that turned out to be false.

68. The Plaintiff had never received the actual statements for his annuity because those statements went to Roger Kappel's address.

69. The Plaintiff neither knew nor could have known of the withdrawals made from his annuity because the actual statements for his annuity were never sent to the Plaintiff's home address.

70. In February of 2017, the Plaintiff suspected there was something wrong and contacted another representative to check into the matter.

71.    The Plaintiff discovered on or about March 6, 2017, that there was only approximately $5,000.00 left in his annuity and was told that the rest of the money was gone.

72.    Jackson National Life was apparently able to recover $310,639.37 from the bank who had paid over the forged endorsements on the checks.

73.    Jackson National Life Insurance Company breached its annuity contract with the Plaintiff, in among other things, allowing the payment of funds from the annuity to an unauthorized person.

74.    As a proximate result of the breach of contract by Jackson National Life Insurance Company, the Plaintiff has suffered damages in excess of $500,000.00, based upon the loss and value of the annuity, certain benefits under the annuity, and interest.

75.    The Plaintiff is entitled to be made whole for money and benefits lost under the annuity from Jackson National Life Insurance Company, due to its breach of contract.

WHEREFORE, the Plaintiff demands judgment in his favor and against Jackson National Life Insurance Company for all sums lost under his annuity, plus prejudgment interest, other benefits lost, attorney's fees, and such further relief as the Court may deem appropriate. Plaintiff also demands judgment against Cetera Investment Services, LLC and First National Bank in Sioux Falls jointly and severally, including all losses suffered by the Plaintiff as a result of the withdrawals from his annuity, including any benefits that the Plaintiff lost as a result of those withdrawals, his damages for mental distress, prejudgment interest, punitive damages, attorney's fees, and such further relief as the Court may deem appropriate.

Dated at Sioux Falls, South Dakota, this __14__ day of February, 2018.

SCHAFFER LAW OFFICE, PROF. LLC

*/s/ Michael J. Schaffer*
Michael J. Schaffer
412 West 9th Street, Suite 1
Sioux Falls, SD 57104-3602
Telephone (605) 274-6760
Facsimile: (605) 274-6764
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues of fact.

*/s/ Michael J. Schaffer*